UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GERALD  REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00359-SEB-TAB |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This is an action for judicial review of the final decision of Defendant Commissioner

of Social Security ("Commissioner") finding Plaintiff Gerald Reed not entitled to

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant

to the Social Security Act ("the Act"), 42 U.S.C. § 405(g), from March 4, 2011 through

September 11, 2014.  The Administrative Law Judge ("ALJ") denied Plaintiff's application

for DIB and SSI after concluding that Plaintiff was not disabled and that he could perform

past relevant work.  This case was referred to Magistrate Judge Baker for a report and

recommendation, which he issued on January 20, 2017, holding that the Commissioner's

decision was supported by substantial evidence.  This cause is now before us on Plaintiff's

Objections to the Magistrate Judge's Report and Recommendation.

---

[1] Ms. Berryhill, who succeeds Carolyn W. Colvin, is automatically substituted for her as Defendant
in this case.  Fed. R. Civ. Pro. 25(d).

## Facts[2]

Plaintiff, Gerald Reed, at the time of his administrative hearing, was 46 years old. Plaintiff is a chiropractor (practicing from February 2007 through his alleged onset date of March 4, 2011). He has also held jobs as an auto salesperson, teacher, and chemist.

Plaintiff's claim for disability benefits relates primarily to back and hip problems and pain stemming from to a 1986 car accident in which Plaintiff's pelvis, femur, and left patella were fractured. On August 2, 2011, Plaintiff underwent a total hip arthroplasty. According to his medical records, by September 12, 2011, Plaintiff's progress was "wonderful" and he was very happy with the results of the surgery.

Plaintiff's medical records reveal a 7-month gap following September 12, 2011. On April 9, 2012, he returned to the orthopedic clinic complaining of lower back pain with radiating pain in his legs. Based on the findings of a CT scan and his doctor's recommendation, Plaintiff opted for back surgery, which was conducted on June 6, 2012. As compared to his preoperative state, Plaintiff's symptoms of radiculopathy and back pain improved so that, in July 2012, his surgeon determined that he was healing at a satisfactory rate, although Plaintiff was still using the assistance of crutches to walk.

During August of 2012, Plaintiff moved from Illinois to Indiana. Dr. Travis Richardson, Plaintiff's treating orthopedist, wrote a letter on Plaintiff's behalf opining that Plaintiff was unable to maintain a full-time job and that he met the criteria for Social

---

[2] Because the facts are sufficiently laid out in the ALJ's opinion, the parties' briefing, and the Magistrate Judge's Report and Recommendation, we need not reiterate them in full here. We recount facts only as necessary to address Dr. Reed's objections to the Report and Recommendation.

Security disability.  Dr. Richardson stated that Plaintiff "had a multilevel spine fusion decompression of [his] lumbar spine" and that his use of narcotics and pain medications would affect his judgment.  Dr. Richardson explained that Plaintiff suffers from chronic hip pain following his total hip arthroplasty and that he has experienced a loss in range of motion in his hip and back.

On January 29, 2013, as part of Plaintiff's disability application process, Dr. Ami Rice examined Plaintiff and concluded that the clinical evidence did not support the need for an ambulatory aid.  She noted that Plaintiff had tenderness along his back, had limited motion in his left hip and ankle and lumbar spine, but had full ranges of motion in his upper extremities and no radiating back pain.

Plaintiff's claims for benefits were denied initially on February 11, 2013, and upon reconsideration on March 7, 2013.  Plaintiff requested and received an administrative hearing, which was held on May 13, 2013, at which he testified.  The ALJ concluded that Plaintiff retained the residual functional capacity to perform light work, with certain exceptions, and that he was capable of performing his past relevant work as a salesperson, teacher, chemist, and auto salesperson.  Plaintiff appealed the ALJ decision in this action, contending that the ALJ's decision was in error on four grounds:  the ALJ selectively reviewed the evidence of his back impairments; the ALJ improperly evaluated Dr. Richardson's opinion; the ALJ erred in analyzing Plaintiff's credibility; and the ALJ improperly prohibited Plaintiff from testifying about the physiology of his atrophy.

The parties appeared before Magistrate Judge Tim Baker on December 20, 2016 for oral argument in connection with this appeal of the ALJ's conclusions, on the basis of

which, the Magistrate Judge issued a Report and Recommendation that affirmed the ALJ's decision.  Plaintiff then filed objections to the Report and Recommendation on February 3, 2017, which we address below.

## Standard of Review

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law.  *Rice v. Barnhart,* 384 F.3d 363, 368-69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001).  In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner."  *Lopez,* 336 F.3d at 539.  However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors.  *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).  In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion.  *Dixon*, 270 F.3d at 1176.  We confine the scope of our review to the rationale offered by the ALJ.  *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law.  Fed. R. Civ. P. 72(b).  The district court

"makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009).

**Discussion**

The ALJ's ruling tracked the first four steps of the five-step analysis as required by 20 C.F.R. § 404.1520(a). This appeal involves the fourth step of the sequential evaluation process, which addresses whether a claimant is capable of performing past relevant work given his Residual Functional Capacity ("RFC"). RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related limitations. 20 C.F.R. § 1545. After considering Plaintiff's testimony and the evidence of record, the ALJ determined that Plaintiff was physically capable of performing his past relevant light, semiskilled work including salesperson in a vision center, teacher, chemist, and auto salesperson. The Magistrate Judge's Report and Recommendation concurred in the ALJ's assessment, to which Plaintiff objects here in large part by reiterating the arguments he made in his opening appeal brief.

**A.   The ALJ's Review of the Evidence of Dr. Reed's Back Impairments**

Plaintiff contends that the ALJ erred in omitting from her determination a discussion of eight pieces of medical evidence that he submits are material to his disability determination. [Dkt. No. 34 at 4-5.] Plaintiff fails, however, to explicate the way(s) in which any of these medical records constitutes relevant evidence which contradicts the

ALJ's determination. We agree with the Magistrate Judge that "the ALJ did discuss Plaintiff's history of hip and back problems, his surgery and his progress," relying on "findings from Plaintiff's orthopedic surgeon" and examining physician Dr. Rice. [Dkt. No. 33 at 4.]

In our view, the evidence allegedly omitted from the ALJ's determination is at most duplicative of, and not in conflict with, the ALJ's specific findings. For example, Plaintiff contends that the ALJ failed to mention "Dr. Richardson's August 10, 2012, statement that Dr. Reed would not be able to perform work 'that requires standing or sitting for a length of time'". [Dkt. No. 34 at 5.] Yet, the ALJ acknowledged Dr. Richardson's opinion that "the claimant would not be able to work any longer than thirty minutes to one hour without needing to change positions from sitting to standing." [AR at 26.] Likewise, Plaintiff faults the ALJ for failing to consider nerve compression, obliteration, and destruction [Dkt. No. 34 at 4], and yet, the ALJ specifically considered Plaintiff's CT scan evidencing "grade two spondylolistheses of L5 on S1" and "bilateral L5 foraminal narrowing". [AR at 24.] It is clear that the ALJ considered all of these medical records, albeit without specifically quoting from them. However, "[t]he ALJ's failure to address [certain] specific findings . . . does not render his decision unsupported by substantial evidence because an ALJ need not address every piece of evidence in his decision." *Sims v. Barnhart,* 309 F.3d 424, 429 (7th Cir. 2002); *see also, e.g., Hodges v. Barnhart,* 399 F. Supp. 2d 845, 855 (N.D. Ill. 2005) (affirming decision where "ALJ summarized the substantial medical evidence provided by the claimant and considered the medical evidence in its entirety"). "[A]n ALJ need only 'minimally articulate' his or her justification for rejecting or accepting specific

6

evidence of a disability." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004). (quoting *Stewart v. Bowen,* 858 F.2d 1295, 1299 (7th Cir. 1988)). Here, the ALJ more than satisfied this "lax standard." *Berger v. Astrue,* 516 F.3d 539, 545 (7th Cir. 2004).

Even if the ALJ had failed to consider relevant medical evidence, it is Plaintiff's burden to show that any such failure constituted harmful error sufficient to affect the outcome of his claim. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) (burden of showing harmful error is on party attacking the agency's decision); *Parker v. Astrue*, 597 F.3d 920, 924 (7th Cir. 2010) ("[H]armless error . . . is applicable to judicial review of administrative decisions and is thus an  exception to the *Chenery* doctrine."); *Shramek v. Apfel*, 226 F.3d 809, 814 (7th Cir. 2000) (affirming the ALJ's decision despite errors because none of them affected the outcome); *see  also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). The ALJ here did in fact consider and discuss Plaintiff's history of hip and back problems, but even if the Plaintiff's argument is correct, *i.e.*, that the ALJ failed to consider a conflicting medical record, Plaintiff has not demonstrated that such omissions would affect the outcome of his claim. We <u>OVERRULE</u> Plaintiff's objection to the Magistrate Judge's finding as well as that of the ALJ on this ground.

**B.   The ALJ's Evaluation of Dr. Travis Richardson's Opinion**

Dr. Richardson is an orthopedic physician who treated Plaintiff's back and hip problems. An ALJ must give a treating physician's opinion controlling weight if it is both "(1) supported by medical findings; and (2) consistent with substantial evidence in the

record." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (citing 20 C.F.R. § 404.1527(c)).  If an ALJ does not give a treating source's medical opinion controlling weight, then "all of the following facts" are considered in deciding the weight to give the medical opinion:   examining relationship,   treatment relationship,   supportability, consistency, specialization, and a catch-all "other factors" category.   20 C.F.R. § 404.1527(c).  The Seventh Circuit has held that even if an ALJ articulates good reasons for rejecting a treating physician's opinion, "it still would [be] necessary to determine what weight his opinion was due under the applicable regulations."  *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2) (eff. Aug. 1, 2006 to Nov. 11, 2010), now 20 C.F.R. § 404.1527(c) (eff. Aug. 24, 2012 to Mar. 26, 2017)).  Describing the § 404.1527(c) factors as a "required checklist," the Court in *Larson* reversed and remanded the case to the district court because the ALJ failed to analyze these factors.  *Id.*; *see also Chambers v. Astrue*, 835 F. Supp. 2d 668, 677-78 (S.D. Ind. 2011).

Here, the ALJ did not structure her analysis around the "required checklist" of the § 404.1527(c) factors.  She stated in her ruling that she gave Dr. Richardson's opinion "very little weight in assessing the claimant's functional capacity" "due to the lack of any significant objective support for [his] opinion" and inconsistencies between his opinion and the treatment records.  Though this may be enough to explain the reason that the ALJ did not give Dr. Richardson's opinion controlling authority, it is still necessary to determine more precisely what weight Dr. Richardson's opinion was due under the regulations.  [*See* AR at 26.]

In considering Dr. Richardson's opinions, the ALJ did explain that he was Plaintiff's treating physician and an orthopedic doctor.  She also determined that Dr. Richardson's opinion was inconsistent with Dr. Reed's "rapid[] improvement" (without citing any medical record evincing the same), but her analysis stopped there.  [AR 26.]  Missing from her determination is any discussion of the remaining factors, to wit, the length of treatment and frequency of examination, the nature and extent of the treatment relationship, and other factors, such as whether Dr. Richardson understood disability programs and evidentiary requirements, particularly since his opinion is specific to a social security disability determination.  [*Id.*; *see* 20 C.F.R. § 404.1527(c).]  Moreover, the ALJ failed to discuss at all the final portion of Dr. Richardson's opinion letter relating to Plaintiff's diagnosis, pain medication, surgery, and range of motion, along with the medical records *consistent with* his opinion.  [*See* AR 26, 202-03; Dkt. No. 20 at 25 (identifying treatment notes in the record that Plaintiff contends are consistent with Dr. Richardson's opinion of atrophy in Plaintiff's left leg).]

It is clear that the ALJ gave Dr. Richardson's opinion "very little weight." What is not clear are the reason(s) she decided to attribute this reduced amount of weight to the opinion.  As our court stated in *Chambers*:  "The ALJ may have had legitimate reasons anchored in the required factors for giving the treating physician's opinion [very little weight]; however, [s]he must at least 'minimally articulate' those reasons in [her] decision."  Therefore, we <u>SUSTAIN</u> Plaintiff's objection to the ALJ's analysis of Dr. Richardson's opinion, and <u>REMAND</u> this issue for reconsideration.

**C.      Dr. Reed's Credibility**

In reviewing the ALJ's decision, we do not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539.  The court affords special deference to credibility determinations because ALJs "are in the best position to see and hear the witnesses and assess their forthrightness." *Powers v. Apfel,* 207 F.3d 431, 435 (7th Cir. 2000); *see also Sims v. Barnhart,* 442 F.3d 536, 538 (7th Cir. 2006).  An ALJ's credibility determination is to be upheld unless it is patently wrong.  *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995).

Dr. Reed objects to the ALJ's determination that inconsistencies existed between Plaintiff's allegations of severe pain and the evidence in the record as a whole.  [Dkt. No. 34 at 10 (the ALJ did not give much weight to Plaintiff's testimony of "fairly limited" activities of daily living).]  The ALJ specifically found that based on the "relatively weak medical evidence and other factors discussed in this decision," it was "difficult to attribute [Plaintiff's alleged] degree of limitation to his medical condition, as opposed to other reasons." [AR 26.]  The ALJ "turned to the claimant's credibility" immediately following her analysis of the state-agency medical consultant Dr. Ruiz's opinion that Plaintiff could perform a "range of light work" with some exceptions.  The ALJ found Dr. Ruiz's opinion persuasive and consistent with the medical evidence of record as compared to Plaintiff's testimony of his limitations on daily activities.

Plaintiff urges us to find that the only support for the ALJ's discounting of Plaintiff's credibility "was that during an emergency room visit, Dr. Reed said that he was hiking

10

outside." [Dkt. No. 34 at 10 (citing AR 26-27).]  Despite her "far from perfect" analysis [*see* the Magistrate Judge's Report and Recommendation, at 6], the ALJ's credibility determination was not, as Plaintiff might have us believe, limited to a consideration of an emergency room visit notation that Plaintiff was wearing hiking boots.

As one example of evidence contradicting Plaintiff's alleged limitations, the ALJ referenced Plaintiff's emergency room visit where he "admitted that he was hiking outside." [*See* AR 24-25; *id.* 526 (Pt. [with] hiking boots.  in weeds & briars").]  Although Plaintiff disputes that his wearing of hiking boots was an admission of "hiking," we find this argument disingenuous.  Plaintiff testified in the hearing that he went camping, fishing, and walking along the creek.  [AR 587-89.][3]  The ALJ found that Plaintiff's "hiking" suggested that his alleged limitations were not due to his physical pain.  [AR 26-27.] Even so, the ALJ did not find that Plaintiff's testimony lacked all credibility.  The ALJ "[found] the claimant credible to the extent that he experiences ongoing difficulties with pain and limitation of motion of his hip and back." [*Id.* 27.][4]

---

[3] We are not giving a post hoc rationale to the ALJ's determination here by recognizing Plaintiff's testimony of hiking, fishing, and camping, but, rather, we are acknowledging the lack of credibility marking Plaintiff's attempt to explain away the emergency room record of Plaintiff wearing "hiking boots" as inconclusive evidence that Plaintiff "hiked."

[4] Plaintiff turns our attention to his Reply Brief [Dkt. No. 30 at 15] in which he contends that the ALJ found Plaintiff "lacked credibility because he had not taken prescription medication for two years." [Dkt. No. 30 at 15.]  This recasting of the ALJ's decision is inaccurate.  The ALJ acknowledged that Plaintiff did not have insurance, which limited his pain relief to over-the-counter medication, but that since he had not taken prescription medication for two years, his use of medication did not support a finding of disability.  [AR 27.]  This finding does not go to Plaintiff's *credibility* but, rather, whether Plaintiff's history of prescription medication supports a finding of disability.

Plaintiff also argues that the ALJ erred in not considering his work history "as required by 20 C.F.R. § 404.1529(c)(3)" when making a credibility determination.  [Dkt. No. 20 at 31.]  That

We must give special deference to the ALJ's determination of Plaintiff's credibility because she was in the best position to see and hear Plaintiff testify and assess his forthrightness. Although the ALJ here could have provided a more thorough explication of the basis for her credibility determination, we do not find her determination to be patently wrong. We therefore <u>OVERRULE</u> Plaintiff's objection on this basis.

## D.     The ALJ's Prohibition of Dr. Reed's Expert Testimony

The Magistrate Judge found that the "ALJ did not err in limiting Plaintiff's testimony to his condition as a claimant rather than as a medical expert expounding on the nature and severity of his own impairments." [Dkt. No. 33 at 7.] The Magistrate Judge supported his conclusion because Plaintiff was not capable of serving as a neutral medical witness, testifying on his own behalf or as a chiropractor might who has the required medical background to qualify as an acceptable medical source under the regulations.

Plaintiff does not deny that an obvious conflict of interest would exist if Plaintiff were allowed to testify as a medical expert on his own behalf. As the Commissioner explained, the pertinent regulations prohibit medical experts/consultants from serving as a consultant in the case where the claimant was a patient. 20 C.F.R. § 404.1519q. Clearly, if a conflict of interest would prevent a medical expert/consultant from testifying in a case in which the claimant was a former patient, then Claimant likewise would not be permitted

---

regulation does not require a consideration of work history to make a credibility determination. Rather, that section states that "we will carefully consider any other information you may submit about your symptoms" and gives "prior work record" as evidence that when presented will be considered, but such a review is not per se required. 20 C.F.R. § 404.1529(c)(3). In any event, the ALJ did consider the Plaintiff's work history in her determination, even though her recital follows her written credibility determination findings. [AR 28-29.]

to testify on his own behalf as a purported neutral expert medical witness.  For this reason, we find no error in the ALJ's determination that Plaintiff could not testify as a medical expert on his own behalf, and, accordingly, do not reach the issue of whether a chiropractor can offer medical source testimony.

### Conclusion

For the foregoing reasons, we <u>OVERRULE</u> Plaintiff's objections to the Magistrate Judge's Report and Recommendation set forth in sections A, C, and D above.  We <u>SUSTAIN</u> Plaintiff's objection to the Magistrate Judge's Report and Recommendation set forth in section B above. The denial is therefore <u>REVERSED</u> and this case is <u>REMANDED</u> to the agency for reevaluation consistent with this opinion.

**IT IS SO ORDERED.**

Date:   3/31/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All CM/ECF Counsel of Record

13